**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Ansel J. Halliburton (Bar No. 282906)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ansel@KRInternetLaw.com

Attorneys for Plaintiff Doe 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DOE 1**, an individual, | Case No. 3:16-cv-00545 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| **MICROSOFT CORPORATION**, a Washington corporation; and **JEH CHARLES JOHNSON**, Secretary of the Department of Homeland Security, in his official capacity, inclusive, | [28 U.S.C. § 2201; 19 U.S.C. § 1509] |
| Defendants. | |

Plaintiff Doe 1, by and through their attorneys of record, states and alleges as follows:

**INTRODUCTION**

1. This action arises from an administrative summons issued by an overseas Special Agent of Immigration and Customs Enforcement (ICE), an arm of the Department of Homeland Security (DHS), directed toward Defendant Microsoft Corporation (the "Administrative Summons").

2. The Administrative Summons, dated December 14, 2015, sought information about an email address operated by Defendant Microsoft for which Plaintiff Doe 1 is the subscriber.

3. Based on the contents of the Administrative Summons, as well as another similar summons issued by the same ICE Special Agent to a different email provider, as well as on contemporaneous news reports, Doe 1 is informed and believes that Doe 1 is the target of a campaign by politicians and law enforcement officials in the Republic of Korea to suppress speech on a website associated with the email address indicated in the Administrative Summons.

4. Doe 1 brings this action for declaratory relief because, despite Doe 1's lawful actions to stay compliance with the Administrative Summons, DHS has refused to withdraw the Administrative Summons, and Microsoft has threatened to comply with the Administrative Summons and produce records unless Doe 1 obtains an order from a court by February 4, 2016 directing it not to comply.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's claims because they involve the interpretation and application of the federal Customs Act and federal regulations issued under it. The jurisdiction of this court is therefore founded on 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391 because many of the incidents, events, or omissions complained of and giving rise to the instant claims and controversy

1  occurred within the State of California and this District.

2      7.    This Court has personal jurisdiction over Defendant Microsoft because it
3  does substantial business in California and purposefully directs substantial activities at
4  the residents of California by means of the Internet services at issue in this case, as well
5  as other products and services. Microsoft has done substantial and continuous business
6  with California residents, and has purposefully directed substantial and pervasive
7  activities at the residents of California such that it can and should reasonably expect to
8  be haled into the courts of California.

### INTRADISTRICT ASSIGNMENT

10      8.    Pursuant to Local Civil Rules 3-2 and 3-5, this action should be assigned
11  to the San Francisco Division because a substantial part of the events or omissions that
12  gave rise to the claims occurred in San Francisco, where Microsoft maintains offices.

### PARTIES

14      9.    Plaintiff Doe 1 is an individual not of United States citizenship residing
15  outside the United States. Doe 1 is the subscriber for the email account at issue in the
16  Administrative Summons (the "Hotmail Account"). Because this litigation involves a
17  highly sensitive personal matter and poses a risk of retaliation by foreign persons,
18  Doe 1 seeks to proceed anonymously.

19      10.    Defendant Jeh Charles Johnson is Secretary of the Department of
20  Homeland Security. Mr. Johnson is sued in his official capacity.

21      11.    Defendant Microsoft Corporation is a Washington corporation
22  headquartered in Redmond, Washington, and having offices, employees, and significant
23  operations in this judicial district, including offices in San Francisco.

### FACTUAL ALLEGATIONS

25      12.    On December 14, 2015, Special Agent Barry Harsa signed a Summons to
26  Appear and/or Produce Records (the Administrative Summons) directed to Microsoft
27  Online Services, which is a division of Defendant Microsoft Corporation.

28      13.    The Administrative Summons was prepared on DHS Form 3115, and it

1  states that it is issued under 19 U.S.C. § 1509 ("Section 1509").

2  14.  Special Agent Harsa is an employee of the Department of Homeland Security in its Immigrations and Customs Enforcement division, and is based in the U.S. Embassy in Seoul, Korea as a Deputy Attaché.

15.  The Administrative Summons directs Microsoft to produce the following information, which Special Agent Harsa wrote into Block 3 of the Administrative Summons:

> Please provide any and all information regarding Microsoft account, coolgang99@hotmail.com, to include user profile, billing information, addresses and phone numbers, and the dates, times and Internet protocol addresses for logins from January 1, 2015 to present.

16.  The Administrative Summons indicates that this information (the "Records") shall be produced "before the CBP Officer of ICE Special Agent named in Block 2 at the place, date, and time indicated."

17.  Special Agent Harsa indicated his title of "Special Agent" and affiliation with the U.S. Embassy in Seoul in Block 2(A) of the Administrative Summons, giving the address of the Embassy and his telephone number in Korea. This information, as well as Special Agent Harsa's additional role as a Deputy Attaché, is again stated in Blocks 4 and 6.

18.  Special Agent Harsa left the "Date" section of the Administrative Summons, Block 2(B), blank, and in the "Time" section, Block 2(C), he wrote "ASAP."

19.  Special Agent Harsa also issued at least one other administrative summons to Yahoo!. This second summons sought similar information for two email accounts operated by Yahoo!.

20.  Counsel for Plaintiff corresponded with Yahoo!, and on January 25, 2016, sent Yahoo a notice to stay compliance with the Administrative Summons under 19 U.S.C. § 1509(d)(5) and 19 C.F.R. § 163.8(c). Based on this notice, on January 26, 2016, Yahoo agreed not to comply with the summons unless otherwise ordered by a

1 court, writing:

2 > Yahoo confirms receipt of the correspondence and that no data has been
3 > produced in response to the summons. Additionally, to provide the time
4 > necessary for this matter to be resolved, Yahoo will stay compliance with
5 > the summons until we receive clear direction that compliance is required
6 > by law, e.g., a court order.

7 21. Counsel for Plaintiff gave Microsoft substantially the same notice on the
8 same day, January 25, 2016. Counsel reiterated the notice on January 26. On January
9 27, Microsoft responded, writing that it would grant an extension until February 4, 2016.
10 Counsel replied, seeking clarification, but as of the filing of this Complaint, Microsoft had
11 not responded.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### Against All Defendants

### 28 U.S.C. § 2201

16 22. Plaintiff repeats and incorporates by reference the allegations in
17 Paragraphs 1–21 above.

18 23. An actual case or controversy exists between Plaintiff Doe 1 and
19 Defendant DHS because DHS has refused to withdraw the Administrative Summons
20 seeking Doe 1's information.

21 24. An actual case or controversy exists between Plaintiff Doe 1 and
22 Defendant Microsoft because Microsoft has refused to stay compliance with the
23 Administrative Summons, and has threatened to produce the Records to DHS unless
24 Doe 1 obtains judicial relief.

25 25. Section 1509 establishes a legal framework under which DHS may issue
26 certain administrative summonses for inspection of records—including records kept by
27 third parties such as Microsoft—in connection with "insuring compliance with the
28 [customs] laws of the United States…". 19 U.S.C § 1509(a).

26. Only the Secretary of DHS or certain enumerated high-ranking deputies may issue a Section 1509 summons. Specifically, "no delegate of the Secretary below the rank of district director or special agent in charge" may issue a Section 1509 summons. 19 U.S.C § 1509(a).

27. Because the Administrative Summons was, on its face, signed by a Special Agent not qualified to do so under Section 1509, the Administrative Summons is invalid and unenforceable.

28. A Section 1509 summons may only compel production of records or a personal appearance "within the customs territory of the United States." 19 U.S.C. § 1509(a)(2); 19 C.F.R. § 163.7(b). The "customs territory of the United States" is defined as "only the States, the District of Columbia, and Puerto Rico." 19 C.F.R. § 101.1.

29. Because the Administrative Summons, on its face, requests production of documents in Korea, which is beyond the "customs territory of the United States," the Administrative Summons is further invalid and unenforceable.

30. The Administrative Summons is further invalid and unenforceable because it fails to indicate a specific date or time for production of records. Rather, the Administrative Summons purportedly required Microsoft to produce the Records "ASAP."

31. Section 1509 and the DHS regulations promulgated under it include a notice-and-stay procedure. Under this procedure, notice must be given to the person whose records are sought from the third-party recordkeeper. 19 U.S.C. § 1509(d)(2); 19 C.F.R. § 163.8(a). Here, that person is Doe 1, and the third-party recordkeeper is Defendant Microsoft.

32. Once notice of a Section 1509 summons is given, the person affected by the summons may give notice to the third-party recordkeeper to stay compliance. 19 U.S.C. § 1509(d)(5); 19 C.F.R. § 163.8(c).

33. Once notice to stay is given, the third-party recordkeeper **must not**

1 **comply** with the summons "except in accordance with an order issued by a court of competent jurisdiction authorizing examination of such records or with the consent of the person staying compliance." 19 U.S.C. § 1509(d)(6); 19 C.F.R. § 163.8(e).

34. Plaintiff Doe 1 has satisfied all the requirements of Section 1509 and related regulations, and has given an effective notice to stay compliance with the Administrative Summons.

35. Despite Doe 1's effective notice to stay, and in contravention of Section 1509, Defendant Microsoft has still threatened to comply with the Administrative Summons and to produce Records to DHS—unless Doe 1 obtains a court order to the contrary by February 4, 2016, turning Section 1509's above-described notice-and-stay procedure on its head.

36. Also despite Doe 1's effective notice to stay, and also in contravention of Section 1509, Defendant DHS has not withdrawn the Administrative Summons.

37. To avoid irreparable harm stemming from the improper production of the Records sought by DHS, Plaintiff Doe 1 requests that this Court issue a declaratory judgment determining all parties' respective rights and duties under Section 1509 with respect to the Administrative Summons, as well as to any further Section 1509 summons DHS may issue to Microsoft in connection with Doe 1.

38. Under Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Doe 1 requests a speedy hearing of this action for a declaratory judgment.

## PRAYER FOR RELIEF

Plaintiff prays for a judgment against Defendants as follows:

1. For a declaratory judgment that the Administrative Summons is invalid and unenforceable;

2. For temporary, preliminary, and permanent injunctive relief enjoining Defendant Microsoft from producing any information to DHS in connection with the Administrative Summons;

3. For temporary, preliminary, and permanent injunctive relief enjoining DHS

1  from enforcing the Administrative Summons;

2      4.    For a declaratory judgment that, under 19 U.S.C. § 1509(d)(5) and 19 C.F.R. § 163.8(c), that compliance with any later-issued DHS summons under 19 U.S.C. § 1509 shall be stayed upon notice from Plaintiff Doe 1, and that Microsoft shall not appear or produce records to DHS absent a court order; and

6      5.    Such other and additional relief as the Court deems just and proper.

Dated: February 2, 2016　　　　　　　　**KRONENBERGER ROSENFELD, LLP**

By:   /S/ Karl S. Kronenberger
       Karl S. Kronenberger

Attorneys for Plaintiff